**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| VIDEO ENHANCEMENT SOLUTIONS, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:09-CV-3391-JOF |
| DENON ELECTRONICS (USA), L.L.C., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF VIDEO ENHANCEMENT SOLUTIONS, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
JOINT MOTION TO TRANSFER VENUE BY DEFENDANTS EPSON
AMERICA, INC., ONKYO U.S.A. CORPORATION, AND
YAMAHA ELECTRONICS CORPORATION, USA**

Plaintiff Video Enhancement Solutions, L.L.C. ("VES") hereby files this

Memorandum of Points and Authorities in Opposition to the Joint Motion to

Transfer Venue by Defendants Epson America, Inc., Onkyo U.S.A. Corporation, and

Yamaha Electronics Corporation, USA ("Transfer Motion"), respectfully showing

this Court as follows.

2707388 v03

## I.   PRELIMINARY STATEMENT

Defendants' Transfer Motion is nothing more than a transparent attempt to shift Defendants'[1] purported inconvenience of litigating in Georgia before this Court to VES. Simply put, Moving Defendants have not and cannot overcome the presumption in favor of VES's choice of venue—a venue in which certain Defendants (i) concede that they are registered to business and/or (ii) unequivocally engage in the conduct alleged to infringe the patents.

In an effort to have this Court ignore these determinative facts, the Transfer Motion blatantly misstates facts and attempts to impugn VES's motives in seeking redress for its claims of infringement before this Court. Once the Court sifts through such chaff, it is clear that the Transfer Motion is nothing more than a naked attempt to improperly shift the burden of litigating in a foreign district from Defendants to VES. Indeed, drawing every inference in favor of Defendants, the Transfer Motion establishes—at best—that litigating this dispute in the Central District of California is no more convenient than doing so here.

---

[1] The Motion to Transfer was filed by Defendants Epson America, Inc. ("Epson"), Onkyo U.S.A. Corporation ("Onkyo"), and Yamaha Electronics Corporation, USA ("Yamaha ") (collectively the "Moving Defendants"). The Moving Defendants assert that Defendants Denon Electronics (USA), L.L.C. ("Denon") and Pentax of America, Inc. ("Pentax") do not oppose the Motion to Transfer, but do not provide any support for this position. This does not

This showing is utterly insufficient to meet the significant burden required to grant the Transfer Motion.

## II.    STATEMENT OF RELEVANT FACTS

This action arises out of Defendants' infringement of two patents owned by VES — the '965 and '960 Patents — that relate to the art of video compression and decompression.  [Complaint, ¶¶ 1,15].

VES is a limited liability company, organized and existing under the laws of Texas.  [Declaration of David White ("VES Decl."), at ¶ 2].[2]  VES maintains its principal place of business within this District and has done so since November 2009.  [VES Decl., ¶ 3].  VES is not registered to do business in California, has no designated registered agent for service of process in California, and does not maintain or own any offices, places of business, post office boxes, telephone listings, real estate, bank accounts, or other interest in any property in California.  [VES Decl., ¶¶ 4-6].[3]  Furthermore, the documents that would be relevant to this dispute

---

include the Defendants that have either settled, or have been dismissed in this matter.

[2]  The VES Decl. is attached hereto as Exhibit A.

[3]  Upon learning in the Transfer Motion that VES had not qualified to do business in Georgia, VES rectified this oversight and is now registered to do business in this state. [VES Decl., ¶ 3].

2707388 v03

and that are within the possession, custody, or control of VES are located in Atlanta, Georgia.  [VES Decl., ¶ 7].

Defendant Denon is a Delaware corporation with its principal place of business in Mahwah, New Jersey.  [Answer of Defendant Denon Electronics (USA) L.L.C., ¶ 3].  Denon currently sells its products through authorized dealers located in this District.  [Declaration of Michael Shin ("Shin Decl."), ¶ 6].[4]

Defendant Epson is a corporation organized and existing under the laws of California and is registered to do business in Georgia.  [Shin Decl. ¶ 3].   Epson admits that it has employees in Georgia.  [Memorandum of Points and Authorities in Support of Motion to Transfer ("Transfer Memorandum"), p.8].  Epson further admits that it is a wholly-owned subsidiary of U.S. Epson, Inc., which is a wholly-owned subsidiary of Seiko Corporation, whose headquarters is in Japan.  [Transfer Memorandum, Ex. 2, ¶ 2].

Defendant Onkyo is a corporation organized and existing under the laws of the state of Illinois.  [Defendant Onkyo U.S.A. Corporation's Answer, Affirmative Defenses and Counterclaims, ¶ 5]. Onkyo currently sells its products through authorized dealers located in this District. [Shin Decl., ¶ 7].  Onkyo admits that it is

---

[4]   The Shin Decl. is attached hereto as Exhibit B.

2707388 v03

owned by Onkyo Corporation, whose headquarters is in Japan. [Transfer Memorandum, Ex. 4, ¶ 2].

Defendant Pentax is a Delaware corporation with its principal place of business in Montvale, New Jersey. [Complaint, ¶ 6]. Pentax has not answered or otherwise responded to the Complaint. [Minute Order entered February 3, 2010]. Pentax is registered to do business in Georgia. [Shin Decl., ¶ 5]. Pentax currently services compact digital cameras, like those identified in the Complaint, through authorized service locations located in this District. [Shin Decl., ¶ 8]. Pentax's ultimate parent company is Hoya Corporation, which has its headquarters in Japan. [Shin Decl., ¶ 13].

Defendant TEAC America, Inc. ("TEAC") is a corporation organized and existing under the laws of California. However TEAC, until recently, was registered to do business in Georgia. [Shin Decl., ¶ 4]. TEAC has not answered or otherwise responded to the Complaint. [Minute Order entered February 11, 2010]. TEAC's ultimate parent company has its headquarters in Japan [Shin Decl., ¶ 12].

Defendant Yamaha is a California corporation that currently sells its products—including the DVD-S659, DVD-S661 and DVD-S610 products listed in the Complaint—through authorized dealers located in this District. [Shin Decl., ¶¶ 9-11; Complaint ¶ 49]. Yamaha admits that it has employees in Georgia. [Transfer

2707388 v03

Memorandum p. 9]. Yamaha also admits that its ultimate parent corporation, Yamaha Corporation, is headquartered in Japan. [Transfer Memorandum, Ex. 3, ¶ 5].

## III.    POINTS AND AUTHORITIES

Moving Defendants have not met their substantial burden to establish that transfer of this action, which arises directly from Defendants' purposeful activities infringing VES's patents in this District, is appropriate.

### A.    The Transfer Motion Must Meet A Significant Burden To Be Granted.

When considering a motion to transfer, the burden is on the moving party to establish the propriety of the transfer. *See Southern Appalachian Biodiversity Project v. U.S. Forest Service*, 162 F. Supp. 2d 1365, 1367 (N.D. Ga. 2001). However, the burden to establish transfer is substantial. As the Eleventh Circuit has instructed, "[t]he plaintiff's choice of forum should not be disturbed ***unless it is clearly outweighed*** by other considerations," such as the convenience of the parties and witnesses and the interest of justice. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (emphasis added), quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B 1981), *cert denied*, 456 U.S. 918, 102 S. Ct. 1775, 72 L. Ed. 2d 178 (1982); *see also*

2707388 v03

*Southern Appalachian Biodiversity Project,* 162 F. Supp. 2d at 1367.[5]  As explained more fully below, the Court should not transfer venue to the Central District of California under 28 U.S.C. § 1404(a) because Defendants have failed to meet their substantial burden in establishing that the convenience of the parties and witnesses and the interests of justice are substantially furthered by such a transfer.  *See Piper Aircraft v. Reyno*, 454 U.S. 235 (1981).

### B.   The Moving Defendants Have Not—And Cannot—Meet Their Substantial Burden.

Section 1404(a) allows the Court to transfer to another proper venue when such transfer is made for the convenience of the parties and is done in the interest of justice.  *See* 28 U.S.C. § 1404(a); *see also Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, Oklahoma*, 245 F. Supp. 2d 1248, 1260 (N.D. Ga. 2002).  In deciding the Transfer

---

[5]  While some authority recognizes that the plaintiff's choice of venue should be accorded less weight when it is not one of the parties' home forum, this discounting of plaintiff's choice should not occur in this action.  First, this authority is inapposite when the plaintiff has its principal place of business in the district.  Moreover, this authority is unpersuasive when, as here, the acts of alleged infringement have occurred in plaintiff's chosen venue.  *See, e.g., Network-1 Security Soln's, Inc. v. D-Link Corp.*, 433 F. Supp.2d 795, 801 (E.D. Tex. 2006); *Tinkers & Chance v. Leapfrog Enterprises, Inc.,* 2006 WL 462601 (E.D. Tex. 2006) (denying accused infringer's motion to transfer infringement action to the Northern District of California, the forum in which the accused infringer had its principal place of business, because, among other things, sales of the accused product were made in the forum and, accordingly, the forum had an interest in adjudicating the dispute).

2707388 v03

Motion, the Court should consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Id.* Transfer should be denied if—as here— it would merely shift inconvenience from one party to another. *Id.*; *see also Associated Hygienic Products, LLC, v. Tracy*, 2000 U.S. Dist. LEXIS 19931, at \*13 (N.D. Ga. Aug. 7, 2000).

Indeed, it is well-settled that transfer pursuant to section 1404(a) must be to a more convenient forum, "not a forum likely to prove equally convenient or inconvenient." *See Van Dusen v. Barrack*, 376 U.S. 612, 645–646, (1964). Therefore, Moving Defendants must not only show that the Central District of California is a convenient forum for this dispute, but that the California district is substantially more convenient than the Northern District of Georgia. The Transfer Motion, however, utterly fails to do so.

      1.    Convenience of the Parties and Witnesses and the Interests of Justice Mandate a Denial of Defendants' Transfer Motion.

Section 1404(a) allows the Court to transfer to another proper venue when such transfer is made for the convenience of the parties and is done in the interest of justice. *See* 28 U.S.C. § 1404(a); *see also Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, Oklahoma*, 245 F. Supp. 2d 1248, 1260 (N.D. Ga. 2002). When analyzing the Transfer Motion, the Court should consider the convenience of the parties, the

2707388 v03

convenience of the witnesses, and the interest of justice. *Id.* Transfer should be denied if—as here— it would merely shift inconvenience from one party to another. *Id.*; *see also  Associated Hygienic Products, LLC, v. Tracy*, 2000 U.S. Dist. LEXIS 19931, at *13 (N.D. Ga. Aug. 7, 2000).

### a.   The Central District of California is Not More Convenient for the Parties

The inconvenience to Defendants of litigating this action in the Northern District of Georgia does not substantially outweigh VES's choice of venue for this action.  Notwithstanding the Transfer Motion's representation to the contrary, the principal place of business of VES is not in California.  [VES Decl., ¶ 3].  To be sure, VES is not registered to do business in California, has no designated registered agents for service of process in California, and does not maintain or own any offices, places of business, post office boxes, telephone listings, real estate, bank accounts, or other interest in any property in California.  [VES Decl., ¶¶ 4-6].

Transfer of this action to the Central District of California would significantly inconvenience VES.  Although Defendants argue that the location of certain documents "in or near the Central District of California" warrants transfer, Transfer Memorandum pp. 21-22, this naked attorney argument is utterly unpersuasive. Here, the parties each have relevant documents in its preferred venues.  This is not

2707388 v03

uncommon and, as has been recognized by numerous courts, the physical location of documents is of little importance, given the proliferation of copy services and electronic exchange of documents. *See, e.g., Oriska Ins. Co. v. Power P.E.O., Inc.*, 317 F. Supp.2d 161 (S.D.N.Y. 2004). Further, Defendants have not argued that the volume of relevant documents is extensive or overly burdensome. Thus, this factor clearly weighs against transfer.

In start contrast, Defendants clearly conduct business in this District. Moving Defendants Onkyo and Yamaha, as well as Defendant Denon, intentionally sell their infringing products throughout Georgia. [Shin Decl., ¶¶ 6, 7, 9-11].[6] Further, Moving Defendant Epson and Defendant Pentax are registered to do business in Georgia, and Defendant TEAC was previously registered to do business in Georgia. [Shin Decl., ¶¶ 3-5]. Moving Defendants Epson and Yamaha also admit to having employees in Georgia. *See* Transfer Memorandum pp. 8-9.

---

[6] Indeed, this pivotal fact renders Defendants' citations to *Aeroquip Corp. v. Deutsch Co.* inapposite to the facts before this Court. The defendant in *Aeroquip* apparently had not sold the infringing article in the transferor district. *See Aeroquip Corp. v. Deutsch Co.*, 887 F.Supp. 293, 294 (S.D.Ga. 1995). Likewise, Defendants' reliance upon *Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp. 1476 (N.D.Ga 1992) is misplaced as that case involved transfer to a district that had already tried an action relating to the patents-in-suit and was the home forum for both the parties.

2707388 v03

In an effort to have this Court overlook these facts, the Transfer Motion misstates that "[t]he only relevant connection … between any of the defendants and the Northern District of Georgia is the sale of some of the accused product nationwide, including Georgia." Transfer Memorandum p. 7. Having purposefully availed themselves of the privileges and benefits of doing business in this District, Defendants should not now be heard to complain that they will be inconvenienced by litigating claims arising directly from their business activities in this District.

Moving Defendants attempt to improperly bolster their argument for transfer by suggesting that VES has no connection to Georgia other than the fact that "VES attempted to manipulate venue by filing in this District when it has no connection here." See Transfer Memorandum, p. 14. This is simply not the case. VES maintains an office in this district and has done so since prior to the filing of this action. [VES Decl., ¶ 3]. Moreover, it is not—and cannot be—disputed that the articles alleged to infringe VES's patents are sold in Georgia.

As demonstrated above, any suggested burden felt by Defendants in litigating in Georgia would be at least equally felt by VES should this case be transferred. Therefore, transfer of this case to California would not be to a more convenient forum, but would merely serve to shift the inconvenience of litigating in a foreign venue. Accordingly, Moving Defendants have failed to meet their burden to

2707388 v03

establish that the convenience of the parties substantially favors transfer of this action and their Transfer Motion should be denied.

### b. The Central District of California is Not More Convenient for the Witnesses

It is undisputed that the convenience of witnesses is an important factor in deciding a motion to transfer under 1404(a). *See Paul, Hastings, Janofsky & Walker, LLP*, 245 F. Supp. 2d at 1260. Indeed, this Court has explained that great weight should be given to "a showing that the witnesses who would be inconvenienced are key witnesses and their testimony cannot be effectively presented by depositions." *See Grey v. Continental Marketing Associates, Inc.*, 315 F. Supp. 826, 831 (N.D.Ga. 1970). "In order to show this, [Movant] must list names and addresses of witnesses and the nature of their testimony, the necessity of their testimony to this case, ***and why [Movants] cannot properly present [their] case by using [the witnesses'] depositions*****.**" *See id.* (emphasis added).

Here, there is not a single purported witness for whom Moving Defendants have listed the name, address, necessity of that witnesses testimony, or why the Moving Defendants cannot properly present their case by using that witness's deposition. Accordingly, Moving Defendants have utterly failed to meet their burden of demonstrating that this factor favors transfer to the Central District of

2707388 v03

California.  It is well-established that the fact that Defendants' witnesses reside in California is simply not a sufficient basis for ordering transfer.  Indeed, none of the declarations submitted by the Defendants state that a single witness will not be available for trial in this District.

As support for their argument that the Central District of California is a more convenient forum for the witnesses, Moving Defendants assert that Acacia Research Corporation, VES's ultimate parent corporation, is located in California.  Transfer Memorandum, pp. 1, 19.  This, however, is nothing more than a red herring and a misapprehension of the law.  Indeed, applying the Moving Defendants' logic, all of the Moving Defendants could be sued in <u>any</u> district — including this one — because their ultimate parent companies are all Japanese corporations.  *See* 28 U.S.C. §§ 1391(d) and 1332.

> c.  Transfer to the Central District of California Will Not Further the Interests of Justice

Section 1404(a) directs the Court to consider the "interest of justice" when deciding a motion for transfer.  *See* 28 U.S.C. § 1404(a).  Under this analysis, the Court should assess "access to evidence, availability of witnesses, and the cost of obtaining witnesses."  *See Paul, Hastings, Janofsky & Walker, LLP*, 245 F. Supp. 2d at 1260.  However, the purpose of Section 1404(a) is to protect the interests of justice,

2707388 v03

not to allow one party to shift the burden to its adversary. *See Associated Hygienic Products*, 2000 U.S. Dist. LEXIS 19931 at *13-14. As discussed above, the relevant evidence in VES's possession, custody, or control is located in Atlanta, Georgia. [VES Decl., ¶ 7]. Furthermore, Defendants have not shown that (i) a single one of their witnesses will not be available for a trial in Atlanta, let alone that such witnesses testimony cannot be effectively presented by depositions or (ii) production of their documents in this district would present any greater burden than production in the Central District of California. *See Grey*, 315 F. Supp. at 831.

Further, the Northern District of Georgia has a strong interest in adjudicating the patent infringement claims that arose from Defendants' purposeful availment of the privileges and benefits of doing business in Georgia. *See, e.g., Tinkers & Chance v. Leapfrog Enterprises, Inc.,* 2006 WL 462601 (E.D. Tex. 2006). The interests of justice accord little weight to the fact that some of the Defendants are domiciled or incorporated in California, especially where the Defendants have substantial contacts, as described above, with this District. *See Grey*, 315 F. Supp. at 831–832.

Moreover, unlike this District, the Central District of California does not have special rules governing disclosures and other discovery and procedural nuances peculiar to patent infringement actions. The disclosures and related rules set forth in this District facilitate the speedy, fair, and efficient resolution of patent disputes.

2707388 v03

Based upon the foregoing, Defendants have failed to establish that the interests of justice substantially favor a transfer of this action.

## IV.   CONCLUSION

For the reasons detailed herein, the Court should deny Moving Defendants' Transfer Motion.

Respectfully submitted this 12th day of March, 2010.

**MORRIS, MANNING & MARTIN, LLP**

By:  /s/  Bryan G. Harrison

Bryan G. Harrison
bgh@mmmlaw.com
Georgia Bar No. 331750
John P. Fry
Georgia Bar No. 278705
jfry@mmmlaw.com
W. Andrew McNeil
wmcneil@mmmlaw.com
Georgia Bar No. 498636

Attorneys Plaintiff Video Enhancement
Solutions, L.L.C.

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone:  (404) 233-7000
Fax:  (404) 365-9532

2707388 v03

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing brief has been prepared in Book Antiqua 13 point, one of the four fonts and points approved by the Court in LR 5.1B.

This 12th day of March, 2010.

**MORRIS, MANNING & MARTIN, LLP**

/s  Bryan G. Harrison
Bryan G. Harrison
Georgia Bar No. 331750
MORRIS, MANNING & MARTIN, L.L.P.
3433 Peachtree Road, N.E.
Atlanta, Georgia  30326
Phone:  404-233-7000
Email: bgh@mmmlaw.com

2707388 v03

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| VIDEO ENHANCEMENT SOLUTIONS, L.L.C., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:09-CV-3391-JOF |
| DENON ELECTRONICS (USA), L.L.C., *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12th 2010, I electronically filed the PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION TO TRANSFER VENUE BY DEFENDANTS EPSON AMERICA, INC., ONKYO U.S.A. CORPORATION, AND YAMAHA ELECTRONICS CORPORATION, USA with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

2707388 v03

- 2 -

/s/  Bryan G. Harrison

Bryan G. Harrison
Georgia Bar No. 331750
MORRIS, MANNING & MARTIN, L.L.P.
3433 Peachtree Road, N.E.
Atlanta, Georgia  30326
Phone:  404-233-7000
Email: bgh@mmmlaw.com

2707388 v03